IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, Plaintiff, v. GREGORY KURTZ, CATHY A. KURTZ, CARRIE M. KURTZ and JOSEPH V. PIRO, individually trading and doing business as AST BUILDERS also known as AST, Defendants. | 2:07-cv-373 |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO OPEN DEFAULT JUDGMENT AND DISMISS THE AMENDED COMPLAINT OF THE PLAINTIFFS (Document No. 44), filed by Defendants Gregory Kurtz, Cathy A. Kurtz and Carrie M. Kurtz (collectively "Defendants").

The decision to open a default judgment falls within this Court's discretion. However, the exercise of that discretion must be guided by the principles summarized in *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted):

> The applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. In order that we may properly exercise our function of reviewing for abuse of discretion, we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.

The Court will address the required factors seriatim.

1.      Prejudice to Plaintiff

Plaintiff filed this action to collect medical and retirement benefits due to the families of the participants in the Carpenters Combined Funds.  The case has been stalled and delayed by Defendants' repeated failure to participate.  In May 2007, Plaintiff was forced to move for entry of default when Defendants failed to answer the complaint.  The clerk entered default judgment on May 10, 2007.  Upon Defendants' motion, the Court set aside the default judgment on June 28, 2007.  Subsequently, Plaintiff was required to file multiple motions to compel, motions to extend discovery, and motions for sanctions (*see* Document Nos. 23, 24, 26, 30, 32, 35) in a fruitless effort to obtain complete discovery responses by Defendants.  Defendants' original attorney, James Scallion, filed a motion to withdraw as counsel (Document No. 37).  The motion represented that Defendants had been uncooperative and uncommunicative, had failed to provide information, had failed to respond to messages, and had generally failed to assist in the preparation of their defense.  Defendants failed to file a response to this motion.  The Court granted the motion to withdraw as counsel on January 8, 2008.

Reopening the default judgment is likely to extend Defendants' pattern of obfuscation and delay, to the further detriment of the families seeking to recover their benefits.  This factor weighs strongly against reopening the default judgment.


2.      Meritorious Defense

The original complaint in this case asserted a single ERISA claim, alleging Defendants' failure to pay fringe benefits and wage deductions as set forth in a labor agreement.  After the first default judgment was reopened, Defendants filed an "Answer and New Matter" in July 2007

(Document No. 19). With leave of Court, Plaintiff filed an Amended Complaint in November 2007 (Document No. 33), which asserted three new claims for ERISA breach of fiduciary duty, conversion and piercing the corporate veil. Defendants never filed a response to the Amended Complaint. In essence, Defendants now contend that their original answer sets forth meritorious defenses to the Amended Complaint.

Defendants also assert that they are not personally liable because only the corporate and limited liability entities contracted with Plaintiff and proper corporate formalities were observed.[1] There is certainly a strong policy in favor of the corporate form. However, the veil piercing doctrine is not limited to sham corporations, but more broadly may apply when recognition of the corporate entity would cause injustice or defeat public policy. Further, there is no precise test for determining whether the corporate veil should be pierced, but rather, a list of non-dispositive factors as outlined in *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa.1995). Discovery would be necessary to properly evaluate the veil-piercing claim, such that it is unclear whether the defense is meritorious.

Defendants' response to the breach of fiduciary duty and conversion claims is much more sparse. As to fiduciary duty, Defendants merely state, without explanation, that the claim "essentially was answered by denial by the petitioners in their originally filed answer." Similarly, as to the conversion claim, Defendants baldly "deny any allegation of conversion of funds" by incorporating their previous answers and allege a defense of election of remedies.

---

[1] Defendants' citations to other cases purportedly involving the same facts, legal theories and parties illustrate that, in each case, **Plaintiff** prevailed. Thus, Defendants are unlikely to have a meritorious defense in this case. Defendants have failed to point to any facts that would establish a res judicata or collateral estoppel defense.

Plaintiff points out that the Amended Complaint contains specific averments sufficient to establish these causes of action. Defendants have not directly addressed Plaintiff's contentions. In summary, there is little evidence that Defendants will be able to assert a meritorious defense.

      3.      Defaulting Defendants' Conduct

The Court must evaluate whether Defendants' conduct is excusable or culpable. A party who begs for equity should not have unclean hands relative to the matter in which that party seeks relief. *See, e.g. McCloskey v. Novastar Mortgage, Inc.*, 2007 WL 2407103 *7 (E.D. Pa. 2007) (collecting cases). Defendants' conduct represents the extreme of "repeated contumacious conduct." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Defendants invited the entry of default judgment through their own intransigence. This is the second default judgment entered against Defendants in this very case. The reopening of the first default judgment certainly did not result in compliance and cooperation by Defendants. Rather, Plaintiff was required to file numerous motions to compel Defendants' participation in discovery. The Amended Complaint had been pending, unanswered, for over three months when the default was entered. Defendants' counsel withdrew from the case due to their lack of cooperation. Even this action did not prompt any response from Defendants. Indeed, the only two affirmative actions Defendants have taken in this entire litigation have been in response to the two entries of default. There has been an unbroken pattern of disregard for this legal proceeding. In short, this factor weighs heavily against Defendants.

4. Alternative Sanctions

Neither party has addressed the possibility of alternative sanctions by this Court, although Plaintiff suggests that Defendants pursue a malpractice action if their failure to cooperate was the fault of their former counsel. The Court is not aware of any alternative that would not further delay Plaintiff in its efforts to recover the benefits at issue. Based on Defendants' history of recalcitrance, it is unlikely that they will cooperate in litigation leading to a prompt decision on the merits. This factor certainly does not weigh in favor of reopening the judgment.

After considering all these factors, the Court declines to reopen the default judgment. Defendants had ample opportunity to participate in this litigation, but chose instead to delay and frustrate its objectives. Accordingly, the MOTION TO OPEN DEFAULT JUDGMENT AND DISMISS THE AMENDED COMPLAINT OF THE PLAINTIFFS (Document No. 44), filed by Defendants Gregory Kurtz, Cathy A. Kurtz and Carrie M. Kurtz is **DENIED**.

SO ORDERED this 14th day of March, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Jeffrey J. Leech, Esquire
      Email: jleech@tuckerlaw.com
      Neil J. Gregorio, Esquire
      Email: ngregorio@tuckerlaw.com

      Gino L. Andreuzzi, Esquire
      Email: latenite@epix.net

George Kurtz/via United States Mail Postage Prepaid and Certified Mail, Return Receipt Requested
Cathy A. Kurtz
Carrie M. Kurtz
AST Builders
48 Lofty Road
McAdoo, PA   18237

George Kurtz/via United States Mail Postage Prepaid and Certified Mail, Return Receipt Requested
Cathy A. Kurtz
Carrie M. Kurtz
135 E. Monroe Street
McAdoo, PA   18327